JAMES HANNA, *against* HENRY HARTER.

ERROR *to Washington Circuit Court.*

When such a contract is alleged in the declaration, as if proved or admitted, would justify the recovery of a sum exceeding one hundred dollars, the jurisdiction of the Circuit Court, in such case, can only be questioned by a plea in abatement.

A motion to set aside the verdict, and grant a new trial, should be sustained, whenever it appears that the evidence adduced at the first trial wholly fails to support the allegations of the declaration; and it is error to refuse a new trial in such a case.

This was an action of assumpsit. *Harter* sued *Hanna* upon an alleged agreement, by parol, that the latter would sell and deliver the former twenty-six pork hogs, to be delivered at Hanna's house by a certain day, for four dollars per hundred weight. The declaration contained a statement of this contract in each count, and alleged that on the day fixed, Harter went to Hanna's house, tendered the money, and demanded the hogs, and that Hanna refused to deliver them, and never did deliver them. The damages claimed were two hundred dollars.

Hanna first filed his plea in abatement, that the sum in controversy was under one hundred dollars. Demurrer to this plea was sustained. He then pleaded in bar, that the cause did not accrue one day before the commencement of the suit; and also non assumpsit. To the former, demurrer was sustained; and the issue on the latter was tried by a jury, and a verdict rendered for thirty-one dollars and twenty cents.

Hanna on the 23d of May, 1839, moved for a new trial, on the grounds that the jury decided " contrary to the instructions of the court, against law, and without evidence." This motion was overruled, on the same day, so far as the record shows; and on the first day of June, Hanna filed his bill of exceptions to the refusal to grant a new trial, setting out the evidence. The evidence so placed on the record was, that the witness stated Hanna said that he had sold his pork to Harter at four dollars a hundred; but if they disagreed, he would let the witness have a thousand pounds at fifty dollars. An-

Hanna *against* Harter.

other witness stated that Hanna told him that he had sold his hogs at four dollars a hundred to a man who was with him, whom the witness did not know. Another stated that he heard Hanna say that he did not know whether Harter would get his hogs or not; that he was to have them, but there were small ones among them, and if he did not take all, he should not have any: and then stated that he bought twenty-seven hogs of Hanna on the 27th of December, 1837, (the day stated in the declaration, when the hogs were to be delivered.) Another stated that on the 26th of December, 1837, he went with Harter to Hanna's house. Harter told Hanna that he had come for the hogs. Hanna said that he would let him have all they could agree upon. They went to the lot and disagreed about the weight. Harter said he was to have 24 or 25 head. Hanna said that the contract was to have all that got fat, if they could agree.

After taking his bill of exceptions, Hanna moved in arrest of judgment, and the motion was overruled.

WALKER, for plaintiff in error:

The Circuit Court should have overruled the demurrer to the plea in abatement. The plea is drawn in accordance with a form in Story's Pleadings. In 1 *Marshall*, 386, 410, there is a case in point, an action of covenant, whereby the party agreed to pay all costs which might accrue; plea that the costs did not amount to a sum sufficient to give the Circuit Court jurisdiction. The plea in abatement, was demurred to, it is true, and a plea in bar entered; it is submitted to the court whether the previous decision of this court, upon the subject of pleading over after demurrer, does not alone apply to pleas in bar. The court should have arrested the judgment, the sum in controversy was less than $100.

There is another ground upon which the plaintiff in error confidently relies, which is this, that there is no evidence whatever of a contract between the parties corresponding with that in the declaration. There is no evidence of the value of the pork at any particular time or place. It is true that one witness said he would buy $50 worth at a certain price, but when that was is not stated. Another witness stated that in his neighborhood pork was worth $4 50 or $5 00. But

where did he live? Where was his neighborhood? The criterion for damages should be the value of pork at the time it was to have been delivered. The contract was never proven as laid, the statements of the parties are alone relied on; one party said it was to deliver a certain number of hogs, the other said it was a conditional contract to deliver such hogs, when they got fat, as they could agree upon, &c.

But the defendant in error declared himself that the contract was different from that laid in the declaration as to the number of hogs to be delivered.

GILCHRIST, *Contra:*

The court was correct in overruling the demurrer to the declaration, because sufficient appears on the face of said declaration to authorize the plaintiff to recover. The demurrer admits every reasonable and legal intendment in the declaration.

The court acted correctly in sustaining the demurrer to the plea in abatement, because the damages laid are two hundred dollars, which is within the jurisdiction of the court, and is the only evidence and fact upon which the court can act.

The damages being unliquidated and uncertain, the court can look to the damages laid in the declaration only as the true criterion of damages. 1 *Bibb's Rep.* 348, 402; 5 *Cranch Rep.* 13; 2 *Bibb,* 265, 4 *Cranch Rep.* 316; 7 *Monroe,* 216.

DICKINSON, *Judge,* delivered the opinion of the court:

According to the principles established by this court in the case of *Heilman vs. Martin,* the jurisdiction of the Circuit Court can only be questioned by a plea in abatement, where the facts as shown by the declaration, present a contract upon which the plaintiff may, if the same be admitted or proven, legally recover a sum exceeding one hundred dollars. In the present case, the damages are unliquidated, and the plaintiff upon the contract as set out in his declaration, might, if the proof justified it, legally recover upon the contract as set out in each count in the declaration, more than that sum. The court therefore, *prima facie,* had jurisdiction of the cause, and the defendant

could not controvert the same, otherwise than by plea in abatement showing affirmatively such facts as in law would divest it of its apparent right to adjudicate the case; which he in fact attempted to do, but subsequently waived by pleading to the action in bar thereof, whereby he rested his case alone on the general issue, and like every other suitor is now bound by law to abide the consequences of his own acts. The only question therefore to be decided is does the proof shown by the record establish and sustain the contract as laid in the declaration? The contract specially set out is that the defendant below on the 15th of November, 1837, agreed to sell to the plaintiff 26 head of pork hogs, to be delivered at the defendant's dwelling house on the 26th day of December following, for which he was to be paid at the rate of four dollars per hundred.

Does the proof support this allegation? The first witness says that the defendant told him he had sold his pork to the plaintiff at $4 per hundred if they agreed. The second witness said that the defendant below informed him he had sold his hogs to a stranger then in company at four dollars per hundred, but he did not know the stranger's name, and that he heard him also say to his sister-in-law that he did not know whether the plaintiff would get his hogs or not, and that if plaintiff refused to take all, he should not have any of them. The third witness stated he was employed by the plaintiff to collect the hogs he had purchased, and he heard the plaintiff tell defendant that he had come for the hogs. To which the defendant replied that he would let him have all they could agree upon in regard to their weight. They disagreed as to their weight; the plaintiff alleging that he was to have 24 or 25 head according to the contract. The defendant insisted that he was to take all of them that were fat.

This is the substance of all the proof. For the bill of exceptions states that it was all the evidence given upon the trial. The testimony certainly does not prove the contract as laid. The proof, if it establishes any contract at all, which is exceedingly questionable, only establishes a conditional agreement which is every way indefinite as to its terms, and as to the number of hogs to be delivered. The allegation of the declaration is that it was a positive sale of 26 head of hogs depending upon no contingency whatever, which were to be

Hanna *against* Harter.

delivered in six weeks from the 15th of November, 1837, at the defendant's house, at four dollars per hundred, and the defendant's failure to comply with this contract constitutes the plaintiff's cause of action. The proof certainly wholly fails to support the allegations of the declaration, and of course the jury were not warranted in finding for the plaintiff, consequently the court below erred in rendering judgment upon the verdict, and in not granting a new trial to the defendant. This being the case, the judgment of the court below must be reversed.